Ruffin, C. J.
 

 The record
 
 contains
 
 a statement of the proceedings which took place at the trial; which is, in substance, thai the action was for a malicious prosecution, which the present defendant had formerly instituted against the plaintiff by suing out against him a peace warrant, on which he was arrested and imprisoned by order of a justice of the peace, for the want of sureties; and from which, as the plaintiff insisted, he had been finally discharged by the County Court to which the warrant and pi oceedings thereon were returned by the magistrate. The case then states that the order of the County Court was read in evidence, and that a copy thereof is annexed to the exception or case, as a part
 
 *471
 
 thereof; and that the defendant insisted that, according- to the terms and meaning of that order, the County Court did not decide that there was not probable cause for arresting the plaintiff and requiring sureties for the peace, but only that it was not proper and necessary to keep him longer under arrest and further to require sureties; and that the defendant further insisted that no action for malicious prosecution would lie in such a case, and especially after the examining magistrate had adjudged that the plaintiff should give sureties on the warrant. Those questions were, by consent, reserved by the Court, with liberty to the defendant to mo ve to set the verdict aside, if one shonld be found for the plaintiff, and to enter a non-suit. The jury found for the plaintiff, and on the points reserved the Court ordered a non-suit3 and the plaintiff appealed.
 

 Upon opening the record in this Court, at December Term, 1839, it was discovered that the warrant and the proceedings thereon, and judgment of the County Court were not annexed to, or inserted in, the record; and also that the transcript was defective in not containing the declaration; and an order was made, giving the appellant time until the next Term to complete the record. Subsequently a
 
 certiorari
 
 was issued for a more perfect transcript; and upon it, at the last Term, December, 1840, the clerk returned a transcript of the same tenor with that before filed; and now, at this Term, counsel has moved, on behalf of the defendant, that the ■ Court shall pronounce judgment on the transcript as it is.
 

 Having granted indulgence to the plaintiff, in great latitude, to enable him to put the record into a state upon which the questions made on the trial could be decided on their merits, and he having failed to avail himself of that indulgence, the court is obliged to affirm the judgment, upon the ground, that the appellant hath not put his case into such a form as to enable this court, if there was an error committed by the Superior Court, to see it. It has been repeatedly declared by us that a judgment can only be reversed for error, against the appellant, apparent on the record; and, therefore, the appellant must see that every thing is stated in his
 
 *472
 
 exception, which is requisite to the determination of the ques-whether the Superior Court decided right or wrong: the former being presumed, unless the latter can be seen. jjere, the controversy turned on the effect of the judgment of the County Court, and his Honor put his construction thereon. Whether our opinion would concur with his, it is impossible to say, without our seeing that judgment, as he did; and the appellant has not supplied it to.us. Therefore, supposing this action would lie in any case. — a point on which we do not think proper to express an opinion at present— yet the judgment ofnon-suit, in this case, cannot be reversed by this court, inasmuch as the appellant has not supplied the means of detecting the error of which he complains.—
 
 Brooks
 
 v. Ross, 2 Dev. & Bat. 484.
 
 Wall
 
 v.
 
 Hinson,
 
 1 Iredell 276.
 

 Besides that, the want of a declaration is fatal to the appellant’s case. It was, doubtless, waived in the Superior Court, according to our loose practice; and for that reason, the court has staid proceedings here and granted a
 
 certiorari,
 
 in order that the record might be perfected in the Superior Court, by leave of that court, and a transcript of it, in its perfect state, brought up to us.
 
 State
 
 v.
 
 Reed,
 
 1 Dev. & Bat. 377. But we do not feel at liberty longer to stay the action of the law, and, of course, must decide that the want of a declaration prevents the non-suit being set aside.
 
 Williamson
 
 v.
 
 Rainey,
 
 3 Hawks 9.
 

 Pee. Curiam, Judgment affirmed.